IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-08-104(2) |
| | § | C.A. No. C-14-253 |
| JUAN DELGADO, | § | |
|     Defendant-Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Juan Delgado (Delgado) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was received by the Clerk on June 9, 2012. D.E. 114. The government responded. D.E. 115. Delgado filed a reply and a Motion for Judgment. D.E. 127, 129.[1] Additionally, Delgado filed a Freedom of Information Act (FOIA) request for a copy of his sentencing transcript at no cost. He further requests a reduction in his sentence pursuant to 18 U.S.C. § 3582 and Amendment 782. D.E. 128.

### I. FACTUAL BACKGROUND AND PROCEEDINGS

Delgado was convicted of conspiracy to possess with intent to distribute 188 kilograms of marihuana and was sentenced to 188 months in the Bureau of Prisons on August 19, 2008. D.E. 40. His sentence was driven primarily by his status as a career offender, which increased both his offense level and his criminal history category. One of the convictions used as a predicate offense was his conviction for escape from federal custody in 2002 when Delgado walked away from a federal halfway house. D.E. 51, p. 16. At the time of sentencing, Delgado's counsel argued that his escape conviction should not have been considered a crime of violence. However,

---

1. Before Delgado filed his reply, he filed a motion to supplement his brief. D.E. 123. The Court granted his motion and several extensions of time. D.E. 124, 126.

1

at that time, binding authority from the Fifth Circuit required the Court to consider the escape a crime of violence. *Id.*, p. 18-22. Delgado appealed that issue to the Fifth Circuit, which held that Delgado's escape was a crime of violence and the career offender enhancement was properly applied. *United States v. Delgado*, No. 08-40859 (5th Cir. Apr. 9, 2009) (per curiam) (designated unpublished). Delgado sought a writ of certiorari from the United States Supreme Court, but the petition for writ was denied on December 2, 2009. D.E. 66.

Delgado then filed a timely motion to vacate, set aside, or correct sentence in which he again challenged the application of his career offender enhancement.[2] D.E. 67. In March 2011, this Court denied Delgado relief and denied him a certificate of appealability. D.E. 97, 98. Delgado filed a notice of appeal, but the Fifth Circuit denied him a certificate of appealability. D.E. 111. Delgado filed his present motion on June 9, 2014. D.E. 114.

## II. MOVANT'S ALLEGATIONS

Delgado argues that the Supreme Court's decisions in *Descamps* and *Chambers*, and the Fifth Circuit's recent decision in *United States v. Jones*, provide him with relief from the allegedly erroneous career offender designation and should result in a new sentencing hearing for him. D.E. 114, 127. He argues that his motion is timely because it is filed within a year of *Descamps*. D.E. 114.

---

2. Delgado made the following arguments: (1) the district court erred by imposing an eight-level career offender enhancement based on petitioner's prior federal escape; (2) his attorney was ineffective for failing to fully investigate whether the district court erred by imposing an eight-level career offender enhancement; (3) his counsel was ineffective for failing to appeal the Fifth Circuit's decision, and (4) his appellate counsel was ineffective for failing to request a rehearing en banc.

## III.   ANALYSIS

### A.  FOIA Request

Delgado filed a Freedom of Information Act (FOIA) request in his previous civil action, Cause No. 2:10-CV-38, which should have also been filed in his criminal case. D.E. 5. He seeks a copy of his sentencing transcript from August 13, 2008.

FOIA, 5 U.S.C. § 552, requires agencies of the federal government to make publicly available some information upon request. Agencies subject to the Act are defined by 5 U.S.C. § 551 which reads in part,

> For the purpose of this subchapter–
>
> (1) "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, *but does not include*–
>
> (A) the Congress;
> (B) *the courts of the United States*;
> (C) the governments of the territories or possessions of the United States;
> (D) the government of the District of Columbia;

*Id*. (emphasis added). Courts are not within the reach of the Freedom of Information Act. *Lovell v. Alderete*, 630 F.2d 428, 434 (5th Cir. 1980).

Because Delgado is proceeding pro se and such motions must be liberally construed, the Court also considers Delgado's request as one made pursuant to the statutes governing criminal cases. An indigent defendant has a statutory right to free court documents when he can establish that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. See 28 U.S.C. § 753(f); *United States v. MacCollum*, 426 U.S. 317 (1976).

Delgado has nothing pending before this Court other than the present motion and his request for a reduction of sentence pursuant to 18 U.S.C. § 3582. D.E. 128. Neither motion requires consideration of Delgado's sentencing transcript to decide. Delgado fails to meet the

requirements for court documents at government expense. See 28 U.S.C. § 753(f); *see also United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."). Delgado's motion for a copy of his sentencing transcript at government expense is denied.

### B. Motion to reduce Sentence Pursuant to 18 U.S.C. § 3582 and Amendment 782

Delgado has also filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the sentencing guidelines. D.E. 128.

Delgado pled guilty to possession with intent to distribute 188 kilograms of marijuana. D.E. 40. Probation prepared a Presentence Investigation Report (PSR) and determined that Delgado was a career offender who had a prior drug trafficking conviction and a previous conviction for a crime of violence, which increased his offense level from 26 to 34 before credit for acceptance of responsibility. PSR, D.E. 25, ¶¶ 16-17. After acceptance of responsibility, Delgado's enhanced offense level was 31. His criminal history category was VI due to the career offender enhancement. His guideline range was 188 to 235 months. The Court adopted the PSR as written and sentenced Delgado to the lowest end of the guideline range. D.E. 41.

"A defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may apply for a reduction in his sentence if the amendment applies retroactively. 18 U.S.C. §3582(c)(2); *see also Freeman v. United States*, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Amendment 782 became retroactive on November 1, 2014, but offenders may not be released from custody pursuant to retroactive application of Amendment 782 before November 1, 2015. U.S.S.G. § 1B1.10(e).

Amendment 782 does not apply to all drug offenders. It excludes those who were sentenced based upon offense levels calculated by means other than the drug quantity tables. Amendment 782 does not benefit Delgado. He was determined to be a career offender, which enhanced his offense level above the drug quantity guidelines. D.E. 17, ¶¶ 18, 43. His motion to reduce sentence is therefore denied.

### C. Second or Successive § 2255

Delgado filed a previous motion to vacate in 2011. D.E. 67. "A § 2255 motion is not second or successive merely because it follows an earlier motion," *Magwood v. Patterson*, 561 U.S. 320, 331-32 (2010), if it raises a claim that had not yet arisen at the time of the earlier petition. *See Leal v. Quarterman*, 573 F.3d 214, 222-24 (5th Cir. 2009) ("If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive."). Because Delgado's claim was actually raised in his previous motion to vacate, his current motion is second or successive.

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver*

5

*v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Delgado's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Delgado's motion to vacate, set aside, or correct sentence (D.E. 114) is denied as second or successive. *Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Delgado has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court finds that Delgado cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** as follows:

1) Delgado's motion to reduce sentence (D.E.128) is **DENIED**;

2) Delgado's FOIA request (Cause No. 2:10-CV-38, D.E. 5) is **DENIED**. The Clerk is instructed to docket that request in this action;

3) Delgado's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 114) is **DENIED** as second or successive;

4) His motion for Judgment (D.E. 129) is **DENIED**; and

5) He is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 10th day of March, 2015.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE